NEW JERSEY INSURANCE COMPANY, A BODY CORPO-
RATE, PROSECUTOR, v. STATE BOARD OF TAX AP-
PEALS AND CITY OF NEWARK, A MUNICIPAL COR-
PORATION, DEFENDANTS.

Submitted May 4, 1937—Decided December 30, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Sandmeyer & Meisner.*

For the city of Newark, *John A. Matthews (Andrew B. Crummy,* on the brief).

PER CURIAM.

Prosecutor complains of a personal property assessment for taxation for the year 1935, made by the board of assessors of the city of Newark. The state board of tax appeals found error in the calculation of the taxable capital and accumulated surplus, and reduced the assessment to $1,361,113.90.

Prosecutor is a fire insurance corporation, created under the laws of this state. On the tax date, its registered office in this state was located in the city of Newark, but its business was conducted in the city of New York, in the State of New York, where, it seems to be conceded, its "assets and property [with certain minor exceptions] have an actual physical as well as a localized *situs;*" and the fundamental inquiry is whether, in such circumstances, the municipality had jurisdiction to levy the tax. This exercise of authority

was made under section 307 of the General Tax act of 1918. *Pamph. L., pp.* 847, 858.

The case in this respect is ruled by *Newark Fire Insurance Co.* v. *State Board of Tax Appeals,* 118 *N. J. L.* 525, where this court, in an opinion by Mr. Justice Perskie, held that such intangibles are under the circumstances here presented taxable at the domicile of the owner.

It is next urged that where foreign jurisdictions required appellant, as a prerequisite to the transaction of business therein, to make deposits of securities and property, such deposits have a *situs* for taxation at the place of deposit and are not taxable at the place of domicile.

We think the principle adverted to make such property taxable at the place of domicile. If such deposits have been taxed at the place of deposit within twelve months of the assessment date, they are exempt from taxation here under section 203 (1) (c) of the General Tax act of 1918, *supra.*

Thirdly, it is argued that prosecutor's reserve for unearned premiums is a deductable liability in the fixation of the taxable accumulated surplus. This point has been disposed of, adversely to prosecutor's contention, in *Trenton* v. *Standard Fire Insurance Co.,* 77 *N. J. L.* 757; *Newark Fire Insurance Co.* v. *State Board of Tax Appeals, supra,* and *Commercial Casualty Insurance Co.* v. *State Board of Tax Appeals,* 119 *Id.* 94.

Next, it is maintained that prosecutor is entitled to a deduction from the assessment of the "equivalent to the difference between the 'convention' value or insurance department value at which the city assessed its securities and the true value of such securities." We find this claim to be untenable. The ruling principle was applied in *Second National Bank and Trust Co.* v. *State Board of Tax Appeals,* 114 *N. J. L.* 573, and *Universal Insurance Co.* v. *State Board of Tax Appeals,* 118 *Id.* 538.

The "reserve for contingencies," set up at the direction of the state insurance commissioner, representing the difference between the "department value" of the securities and their "true value on the market at a fair sale by private contract."

is not deductable. The selling price is not the sole criterion of true value. The market prices for the last few years "have been of no service in determining true value." *Second National Bank and Trust Co.* v. *State Board of Tax Appeals, supra.* The reserve thus set aside is not, in the circumstances, a fixed liability, and is therefore not deductable.

Lastly, it is said that the state board "failed to deduct from gross assets the further liability of prosecutor consisting of the amount of outstanding and unpaid losses," amounting to $132,503. This was labeled in prosecutor's financial statement as "reserve for outstanding losses." While insisting that this amount was not arrived at arbitrarily, it is explained that it represents "the value of the losses actually sustained * * * but not yet adjusted or paid." We find that the reserve so set up was not a fixed liability within the intendment of the statute, and was therefore not deductable. See *Commercial Casualty Insurance Co.* v. *State Board of Tax Appeals, supra.*

The city asserts error by the state board in revising the judgment of the county board of taxation by deducting the cash on hand from the taxable capital and surplus; and, invoking the doctrine of the recent case of *City of Newark* v. *State Board of Tax Appeals,* 118 *N. J. L.* 131, it asks in its brief that the assessment of the county board be affirmed.

While the point would seem to be well made, the city is under the circumstances precluded from raising it at this stage of the proceedings. *Newark Fire Insurance Co.* v. *State Board of Tax Appeals, supra.* It was raised for the first time in the city's answering brief.

The judgment of the state board of tax appeals is accordingly affirmed, with costs.